KENNETH J. MONTGOMERY, PLLC
Victor A. Dunlop (VAD-8571)
198 Rogers Avenue
Brooklyn, New York 11225
(718) 403-9261 –Telephone
(614) 455-9261 – Facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JESSY AYALA, GABRIEL DIAZ, and LUIS PENA,

                    Plaintiffs,

                    -against-

THE CITY OF NEW YORK, a municipal corporation;
POLICE OFFICER LAUREN DIAZ, in her individual
and official capacities; POLICE OFFICER JOHNNY
SZETO, in his individual and official capacities;
POLICE OFFICER HUGH BARRY, in his individual
and official capacities; POLICE OFFICER GERALD
MCDOUGALL; POLICE OFFICER PHILIP CHAU
in his individual and official capacities; and JOHN DOE
#1-20(whose identities are currently unknown but who
are known to be police officers and/or supervisory
personnel of the New York City Police Department),
in their individual and official capacities,

                    Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

Docket No:

Jury Trial Demanded

    Plaintiffs JESSY AYALA, GABRIEL DIAZ, and LUIS PENA, by their attorneys, Kenneth J. Montgomery, PLLC, hereby respectfully allege for their complaint against the City of New York, Police Officer Lauren Diaz, Police Officer Johnny Szeto, Police Officer Hugh Barry, Police Officer Gerald McDougall, Police Officer Philip Chau, and Police Officers John Does 1-10 and Jane Does 1-10 (collectively, "Defendants") as follows:

## NATURE OF THE INSTANT ACTION

    1.    This is a civil action, brought pursuant to 42 U.S.C. §1983 and §1988 for violations of the Fourth and Fourteenth Amendments to the United States Constitution, and

under the common law and the constitution of the State of New York, against the City of New York (the "City"), Police Officer Lauren Diaz, Police Officer Johnny Szeto, Police Officer Hugh Barry, Police Officer Gerald McDougall, Police Officer Philip Chau, and Police Officers John Does 1-10 and Jane Does 1-10 (sometimes referred to herein as the "Defendant Police Officers"), and the New York City Police Department ("NYPD").

2. The instant action seeks to hold the Defendants liable for misconduct under the federal civil rights statute, 42 U.S.C. §1983 and *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). The unlawful actions of the Defendants, alleged hereunder, resulted from affirmative *de facto* municipal policies, practices and customs to violate the constitutional rights of criminal suspects and defendants, or from deliberate indifference by policy-making officials, acting on behalf of the City of New York, to such violations.

3. As Plaintiffs will demonstrate hereunder, as a matter of policy, the actions of the Defendant Police Officers, which violated Plaintiffs' rights, reflect a corrupt culture of misconduct and physical abuse indicative of NYPD police officers that has long existed at New York City Police precincts.

4. By this action, Plaintiffs seek redress for the violations of their constitutional and civil rights and to recover damages they suffered as a result of the incidence complained of hereunder, including but not limited to damages for severe physical injuries, legal fees, costs and expenses associated with defending the criminal proceedings, loss of reputation, costs and expenses, mental anguish, pain and suffering, inconvenience, humiliation, and fear.

## PRELIMINARY STATEMENT

5. Plaintiffs bring this action for action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 for violations of their civil rights guaranteed by the Constitutions of the Unites States and the State of New York.

## JURISDICTION

6. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

7. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

8. Plaintiffs Luis Pena and Gabriel Diaz further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any and all state constitutional or common law claims that are so related to the instant claims within the original jurisdiction of this court that they form part of the same controversy. Plaintiffs Luis Pena and Gabriel Diaz have satisfied all procedural prerequisites with respect to their state law claims: Plaintiffs Luis Pena and Gabriel Diaz served notices of claim upon the City of New York within 90 days of the incidents underlying their claims and have otherwise complied with the statutory requirements of the General Municipal Law of the State of New York. Although thirty days have elapsed since service of their initial notices of claim, the City has not adjusted or paid such claim.

## VENUE

9. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claim arose.

## JURY DEMAND

10. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

11. Plaintiffs are Latino males and were at all relevant times residents of the

State of New York and City of New York.

12. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10. At all times hereinafter mentioned, the individually named defendants, P.O. Lauren Diaz, P.O. Johnny Szeto, P.O. Hugh Barry, P.O. Gerald McDougall, P.O. Philip Chau and P.O.'s "John Doe" #1-20, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by the Defendant Police Officers while acting within the scope of their employment by defendant City of New York.

13. The Defendant Police Officers committed each and all of the acts alleged herein while acting in furtherance of their employment under the defendant City of New York.

**FACTS**

14. On June 28, 2011, plaintiffs attended a hip-hop concert at Tammany Hall, a nightclub on Manhattan's Lower East Side. Attendees reported a peaceful gathering of friends

and family celebrating the release of an album by the recording artists "Peter Rock" and "Tec and Steele a/k/a Smif and Wessun".

15. Upon information and belief, a few minutes after midnight on June 29, 2011 numerous members of the NYPD responded to the nightclub and ordered everyone to exit the nightclub.

16. Luis Pena complied with police orders to leave the nightclub and walked towards the nightclub's exit. Before Luis Pena exited the nightclub, Police Officer "John Doe" and police officers believed to be Police Officer Gerald McDougall and Police Officer Philip Chau grabbed Luis Pena from behind. Without provocation, the aforementioned police officers punched and kicked Luis Pena and struck him in the face head, neck, shoulders, ribs, neck, and back with a baton. Without provocation, the aforementioned police officers threw Luis Pena to the ground and sprayed mace in his eyes while he laid face down on the ground.

17. After the unprovoked assault at the hands of NYPD police officers, Luis Pena was arrested and subjected to excessively tight handcuffs.

18. As a result of the above-mentioned actions, Luis Pena received medical treatment at Bellevue Hospital for bruising to the head, the knee, and the wrist and swelling under the eye and the jaw.

19. Luis Pena was charged with violating PL §120.05(3) assault in the second degree, PL §240.06 riot in the first degree, PL §205.30 resisting arrest, and PL § 240.26 disorderly conduct. After numerous court appearances, the charges were dismissed.

20. Gabriel Diaz complied with police orders to leave the nightclub. As Gabriel Diaz walked away from the nightclub a police officer, believed to Police Officer Lauren Diaz, pushed Gabriel Diaz in the back. Upon information and belief, Gabriel Diaz turned around and

said, "I didn't do nothing what did you touch me?"

21.     Upon information and belief, Police Officer Lauren Diaz responded to Gabriel Diaz by saying, "Get the fuck out of my face. Let's go. I told you to go." Immediately afterwards, a police officer, believed to be Police Officer Johnny Szeto, pushed Gabriel Diaz in the back and grabbed the collar of Gabriel Diaz's shirt.

22.     Upon information and belief, when grabbed by Police Officer Szeto, Gabriel Diaz put his hands up in the air. Subsequently, Police Officer Johnny Szeto struck Gabriel Diaz with a baton and punched him multiple times without provocation. With no sign of the police assault abating, Gabriel Diaz defended himself.

23.     A police officer, believed to be Police Officer Hugh Barry, and Police Officers "John Doe" punched and kicked Gabriel Diaz and beat him with batons even after Gabriel Diaz was subdued.

24.     As a result of the above-mentioned actions, Gabriel Diaz received medical treatment at Bellevue Hospital Center for trauma and subsequently received continuous treatment at New York Methodist Hospital.

25.     Gabriel Diaz was charged with PL §120.05(3) assault in the second degree, PL §240.06 riot in the first degree, PL §195.05 obstruction of governmental administration in the second degree, PL §205.30 resisting arrest, and PL §221.05 unlawful possession of marijuana. After numerous court appearances, the charges were dismissed.

26.     Jessy Ayala was standing outside of the nightclub having complied with police orders. While outside of the nightclub, Jessy Ayala attempted to film the melee that was occurring outside of the nightclub.

27.     Upon information and belief, Police Officers John Does approached Jessy Ayala

and without provocation, Police Officers John Does struck Jessy Ayala about the head and face and caused his video camera to fall to the ground. Subsequently, Jessy Ayala was arrested and placed into police custody.

28. JESSY AYALA was charged with violating Penal Law §195.05 obstruction of governmental administration. After numerous court appearances, the charge was dismissed.

29. As a result of said incidents, Plaintiffs variously suffered damages including but not limited to damages for legal fees, costs and expenses associated with defending the criminal proceedings, severe physical injuries, loss of liberty, lost employment and wages; loss of reputation, legal fees, costs and expenses, mental anguish, pain and suffering, inconvenience, humiliation, and fear.

## FIRST CAUSE OF ACTION

42 U.S.C. § 1983- Fourth Amendment Violations
*On Behalf Jessy Ayala, Gabriel Diaz, and Luis Pena for Excessive Force*
(Against the Individual Officer Defendants)

30. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32. All of the aforementioned acts deprived plaintiffs Jessy Ayala, Gabriel Diaz, and Luis Pena of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all of the actual and/or apparent authority

attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. The level of force employed by defendants was objectively unreasonable and in violation of the plaintiffs' constitutional rights.

36. As a result of the foregoing, plaintiff sustained, inter alia, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

SECOND CAUSE OF ACTION

42 U.S.C. § 1983-Fourth Amendment Violations
*On Behalf of all Luis Pena and Jessy Ayala for False Arrest*
(Against the Individual Officer Defendants)

37. Plaintiffs Luis Pena and Jessy Ayala repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. As a result of the Defendants' aforementioned conduct, plaintiffs Luis Pena and Jessy Ayala were subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

39. As a result of the foregoing, Luis Pena's and Jessy Ayala's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CAUSE OF ACTION

42 U.S.C. § 1983-Fourth and Fourteenth Amendment Violations
*On Behalf of all Luis Pena and Jessy Ayala for False Arrest*
(Against the Individual Officer Defendants)

40. Plaintiffs repeat and re-allege paragraphs "1" through "39" as if fully set forth herein.

41. The Defendant Police Officers initiated and caused and/or caused the initiation and the continuation, of the prosecutions of Luis Pena and Jessy Ayala intentionally, willfully, and with malice, and without probable cause.

42. The Defendant Police Officers engaged in a continuing course of conduct after the June 29, 2011 arrests to deprive Luis Pena and Gabriel Diaz of their liberty by, *inter alia,* knowingly assisting in and pursuing false allegations against them.

43. All charges against Luis Pena and Jessy Ayala were resolved in their favor.

44. By virtue of the foregoing, the Defendant Police Officers each deprived Luis Pena and Jessy Ayala of their rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizures and to liberty and due process, and are liable to plaintiffs under 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION

42 U.S.C. § 1983-Fifth and Fourteenth Amendment Violations
*On Behalf of All Plaintiffs for Fabrication of Evidence*
(Against the Individual Officer Defendants)

45. Plaintiffs repeat, reiterate, and reallege paragraphs "1" through "45" as if fully set forth herein.

46. The Defendant Police Officers fabricated allegations of assault, riot, resisting arrest, and disorderly conduct against Luis Pena, including but not limited to intentionally

and maliciously deceiving the District Attorney.

47. The Defendant Police Officers fabricated allegations of obstructing governmental administration against Jessy Ayala, including but not limited to intentionally and maliciously deceiving the District Attorney.

48. By virtue of the foregoing, the Defendant Police Officers each deprived Luis Pena and Jessy Ayala of their Fifth and Fourteenth Amendment rights under the United States Constitution to due process and to a fair trial and are liable to plaintiffs under 42 U.S.C. §1983.

### FIFTH CAUSE OF ACTION

42 U.S.C. § 1983- Failure to Intervene
*On Behalf of All Plaintiffs*
(Against the Individual Officer Defendants)

49. Plaintiffs repeat, reiterate and reallege paragraphs "1" through "48" as if fully set forth herein.

50. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe other members of the NYPD violating the constitutional rights of a civilian.

51. As described herein, the Defendant Police Officers each witnessed other NYPD officers violating the Plaintiffs' constitutional rights and each failed to intervene, halt, or protect the Plaintiffs from the deprivation of their Fourth and Fourteenth Amendment rights under the United States Constitution.

52. By virtue of the foregoing, the Defendant Police Officers each failed to intervene in the deprivation of Plaintiffs' First, Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution and are liable to Plaintiffs under 42 U.S.C. §1983.

## SIXTH CAUSE OF ACTION

*New York State Constitution*
*On Behalf of Luis Pena and Gabriel Diaz*
(Against the City and the Individual Officer Defendants)

53.  Plaintiffs repeat, reiterate and reallege paragraphs "1" through "52" as if fully set forth herein.

54.  The Defendant Police Officers each subjected Luis Pena and Gabriel Diaz to the foregoing acts and omissions without due process of law, thereby depriving Plaintiffs of the rights, privileges, and immunities secured by Article 1, §§ 1, 6, 11, and 12 of the New York State Constitution, including, without limitation, the following deprivations of their rights, privileges, and immunities:

   a. Plaintiffs were deprived of rights and privileges secured to them as citizens of the State of New York, in violation of New York State Constitution Article 1, §1;

   b. Plaintiffs were deprived of their rights to due process, in violation of New York State Constitution Article 1, §6; and

   c. Plaintiffs were deprived of their rights to be free from unreasonable searches and seizures, in violation of New York State Constitution Article 1, §12.

## SEVENTH CAUSE OF ACTION

*New York Common Law*
*On Behalf of Luis Pena and Gabriel Diaz*
(Against all Defendants)

55.  Luis Pena and Gabriel Diaz repeat, reiterate, and reallege paragraphs "1" through "54" as if fully set forth herein.

56.  By the actions described above, the City and each and every Defendant Police Officer, jointly and severally, have committed the following wrongful acts against Plaintiffs, which are tortious under the laws of the State of New York:

   a. Malicious prosecution;

    b. False arrest;

    c. Assault and battery;

    d. Intentional infliction of emotional distress, in that, as described herein, Defendants intended to and did cause Plaintiffs severe emotional distress, and the Defendants' acts were outrageous in the extreme and utterly unacceptable in a civilized society;

    57.    The foregoing acts and conduct of defendants were a direct and proximate cause of injury and damage to Luis Pena and Gabriel Diaz and violated the common law rights guaranteed to them by the law of the State of New York.

EIGHTH CAUSE OF ACTION
Respondeat Superior
*On Behalf of Luis Pena and Gabriel Diaz*
(Against the City of New York)

    58.    Plaintiffs repeat and re-allege paragraphs "1" through "58" as if fully set forth herein.

    59.    The Defendant Police Officers were employees of the City at the time of the incidents alleged herein and each was acting at all relevant times within the scope of his or her employment with the City.

    60.    The City is therefore vicariously liable for the tortious acts as described and alleged herein of the Individual Officer Defendants under the common law doctrine of respondeat superior.

    WHEREFORE, plaintiff Jessy Ayala demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action;

    WHEREFORE, plaintiff Gabriel Diaz demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action;

WHEREFORE, plaintiff Luis Pena demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

DATED:   Brooklyn, New York
         June 23, 2014

                                        Respectfully submitted,
                                        KENNETH J. MONTGOMERY, PLLC


                                        Victor A. Dunlop (VAD-8571)

                                        198 Rogers Avenue
                                        Brooklyn, New York 11225
                                        (718) 403-9261 Telephone
                                        (614) 455-9261 Facsimile
                                        Attorneys for Plaintiffs