**Kenneth J. Montgomery, PLLC.**
**198 Rogers Avenue**
**Brooklyn, NY**
**917-770-5590**

---

February 1, 2016

Hon. Paul A. Engelmayer
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: **Diaz v. Diaz, et al.**, 1:14-cv-04716-PAE

Your Honor:

      My name is Alexis G. Padilla. I am Of Counsel to Kenneth J. Montgomery, PLLC., attorneys for plaintiff Gabriel Diaz in the above referenced matter. I write in response to Your Honor's request that the parties in this case submit arguments and case law on the issue of joint liability in the context of excessive force.

      The issue concerns participation. In *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001), the Court held that "to establish that a defendant was personally involved, it is not necessary for plaintiff to establish that the defendant was the ultimate decision maker. A defendant may be held liable if he, with knowledge of the illegality, **participates** in bringing about a violation of the plaintiff's rights but does so in a manner that is "indirect" such as ordering or "**helping others**" to do the unlawful acts." (emphasis added).  Also,"[i]t is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Id.* at 168 (internal quotation marks omitted and citation omitted). Thus, in *Fischl v. Armitage*, 128 F.3d 50, 57 (2d Cir. 1997), the Court found that "evidence that defendant was in the vicinity of the attack on plaintiff and did nothing to stop it [is] sufficient to show defendant's personal involvement. Finally, in *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 474 (S.D.N.Y. 2003) the Court held that a "A police officer is personally involved in the use of excessive force if he either: (1) directly participates in an assault; or (2) was present during the assault, yet failed to intercede on behalf of the victim even though he had a reasonable opportunity to do so.

      With regards to the jury charge, the jury should be required to determine if each defendant participated in an excessive use of force. This would include a circumstance where a defendant officer's participation is limited to holding or grabbing an individual while another officer strikes the individual and the force is unjustified.

                                                                             Respectfully submitted,

                                                                             */s/Alexis G. Padilla*
                                                                             Alexis G. Padilla

Cc:    Brian Francolla
          Shira Siskind